The Honorable Bill Graves Secretary of State 2nd Fl., State Capitol Topeka, Kansas 66612-1594
Dear Secretary of State Graves:
You request our opinion regarding whether an option agreement constitutes a prearranged funeral agreement under K.S.A. 1992 Supp. 16-301
or a prepaid merchandise contract under K.S.A. 16-320. You also ask whether the provider under an option agreement is required to register with your office pursuant to K.S.A. 1992 Supp. 16-310(e) or K.S.A. 16-329.
The option agreement submitted for our review appears to be a generic form which will be tailored to meet the specific needs of each customer. No information regarding the specific types of rights or services that may be provided nor the prices to be charged for such rights or services accompany the option agreement. For purposes of this opinion, it is assumed that the agreement is in fact a legitimate option agreement.
Under the provisions of the option agreement, the customer agrees to pay to the provider a sum of money "for this Option which funds shall notbe applicable to the purchase price nor be refundable." (Emphasis added.) It appears that the customer will make an immediate payment to preserve the opportunity to purchase specified items and services listed in the option agreement. The option agreement then contains blanks in which the parties may set forth the types and prices of funeral services, cemetery interment rights and services, and memorialization which may be purchased by the customer. In exercising his or her option, the customer must purchase the entire package set forth in the option agreement. The option agreement continues for a period of five years. If during that time the customer should suffer accidental death, the items and services set forth in the option agreement will be provided at no additional cost. In cases other than accidental death, the customer or his or her legal representatives may acquire the items and services listed in the option agreement by paying the fees set forth in the option agreement.
Funeral and cemetery contracts and plans are subject to the provisions set forth in K.S.A. 16-301 et seq. K.S.A. 1992 Supp. 16-301 provides in part:
 "Any agreement, contract or plan requiring the payment of money in a lump sum or installments which is made or entered into with any person, association, partnership, firm or corporation for the final disposition of a dead human body, or for funeral or burial services, or for the furnishing of personal property or funeral or burial merchandise, wherein the delivery of the personal property or the funeral or burial merchandise or the furnishing of professional services by a funeral director or embalmer is not immediately required, is hereby declared to be against public policy and void, unless all money paid thereunder shall be deposited in a bank or savings and loan association which is authorized to do business in this state and insured by a federal agency, or invested in a credit union which is insured with an insurer or guarantee corporation as required under K.S.A. 17-2246, and amendments thereto, all as herein provided, and subject to the terms of an agreement for the benefit of the purchaser of the agreement, contract or plan." (Emphasis added.)
The concern of the legislature expressed by this statute emanated from the possibility for fraud which can arise from sales of burial merchandise to young persons where the purchase price is collected long in advance of any actual need for such merchandise. Because of the time lag between the time of the bargaining and the time of performance requiring delivery of the merchandise there are hazards not present in ordinary retail sales. Not only do such sales present opportunities for fraud and deceit but delivery of the merchandise may become impossible of performance when a seller has suffered economic woes and has gone out of business. The purpose of requiring that purchase price payments be held in trust is to assure those who purchase preneed caskets and burial merchandise that they will have either the benefit of their purchase, the merchandise, or their money back at the time the need for the merchandise occurs. Lakeview Gardens, Inc. v. State, ex rel. Schneider, 221 Kan. 211,215 (1976); Attorney General Opinion No. 86-123. The statute restricts any contract wherein delivery of burial merchandise is not immediately required. Lakeview Gardens, 221 Kan. at 215; State, ex rel., v.Anderson, 195 Kan. 649, 660 (1965). Agreements which are against public policy are those agreements: (1) requiring payment of money in a lump sum or installments; (2) made or entered into for the final disposition of a dead human body or for funeral or burial services or merchandise; (3) wherein the delivery of the services or merchandise is not immediately required.
An option is simply a contract by which the owner of property agrees with another person that he shall have a right to buy the property at a fixed price within a certain time. Fourth National Bank v. Hill,181 Kan. 683, 693 (1957). See Mildfelt v. Lair, 221 Kan. 557, 565
(1977). An option to purchase or to sell is not a contract to purchase or sell, as optionee has the right to accept or to reject the offer, in accordance with its terms, and is not bound. Black's Law Dictionary 986 (1979).
The option agreement submitted for our review certainly qualifies as any agreement requiring the payment of money in a lump sum or installments. However, as an option, the option agreement has not been entered into for the final disposition of a dead human body or for funeral or burial services or merchandise; rather, an option agreement is entered into for the purpose of permitting the customer to purchase within the term of the option those services and merchandise set forth in the agreement. Therefore, an option agreement is not subject to the provisions of K.S.A. 1992 Supp. 16-301. Because an option agreement is not a "prearranged funeral agreement, plan or contract entered into pursuant to K.S.A. 16-301 et seq.," persons or associations entering into an option agreement are not subject to the filing requirement of K.S.A. 1992 Supp. 16-310.
K.S.A. 16-329 provides in part:
 "No cemetery corporation shall enter into any prepaid merchandise contract until such corporation has filed with the secretary of state a notification of its intention to sell and engage in such prepaid merchandise contracts."
A prepaid merchandise contract is:
 "[A]ny agreement for the sale of cemetery merchandise
by a cemetery corporation which requires payment of the purchase price, in whole or in part, prior to delivery of the cemetery merchandise . . . ." K.S.A. 16-320
(emphasis added).
As noted above, an option to purchase or to sell is not a contract to purchase or sell. Therefore, an option agreement is not an agreement for the sale of cemetery merchandise and does not constitute a prepaid merchandise contract. Persons or associations entering into an option agreement are not subject to the filing requirement of K.S.A. 16-329.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS: